CULPEPPER, Judge.
This is a suit to enjoin the enforcement of a rule adopted by a governmental recreation commission for the regulation of certain activities in a public park. Plaintiffs are the fathers of sons who are 15 or 16 years of age, and who are members of the Westlake American Legion Baseball Team. They contend the rule in question prevents their sons from using the public park, and is therefore discriminatory and in contravention of the federal and state constitutions. Defendant is the Ward Four Recreation Commission, appointed by the Police Jury of Calcasieu Parish to regulate and control certain playgrounds established pursuant to Act 82 of 1948. From an adverse judgment, plaintiffs appealed.
The facts show that pursuant to Act No. 82 of 1948 the Police Jury of the Parish of Calcasieu created Community Center and Playground District #2 of the Parish of Calcasieu, comprising all of the property in Ward 4 of Calcasieu Parish. The powers of the Commission include the rights “to govern, manage and direct parks, playgrounds and community centers” and “to establish a system of supervised recreation.
Pursuant to these powers, the Commission established the Ward 4 Recreation Baseball Program, consisting of different leagues for boys of various ages: (1) The Minor League for boys 8 and 9 years of age; (2) the Bronco League for boys 10 to 12 years old; (3) the Pony League for boys 13 and 14 years of age; and (4) the Colt League for boys 15 and 16 years of age. The teams have volunteer coaches. To assure even competition among the teams, a draft system is used whereby each year the teams have their choice of boys coming up from the lower leagues, in the inverse order of the team standings at the end of the previous season. The commissioners explained that the purposes of such an organizational structure are to secure participation in the baseball program by as many boys and coaches as possible. It is *842 not a program designed for a few outstanding players.
The evidence also shows that the American Legion, a private organization, has established baseball leagues throughout the United States for the special purpose of developing the better or superior players who are 15 through 18 years of age. The members of the defendant commission testified that the American Legion teams began to draft the best of the 15 and 16 year old players, especially pitchers, from the Ward Four Recreation League. This disrupted the recreation league’s draft system since the boys chosen by the American Legion teams were usually those who had been picked by the recreation league coaches under the draft system whose purpose it is to maintain uniform competition. The recreation league coaches, who are all volunteers, complained and threatened to quit. This caused the commissioners to adopt the rule under attack, which reads as follows:
“A player on roster for one scheduled game with American Legion or Sheriff League cannot play with a recreation team for that season.
“a. Boys, ages 15 and 16 must play with the recreation leagues. Cannot play American Legion Baseball.”
Plaintiffs are the fathers of boys who are 15 or 16 years of age and are members of the Westlake American Legion Baseball Team. They contend that the rule quoted above is discriminatory against their sons and all others in the same class, since the rule limits the teams or leagues in which plaintiffs’ sons can participate and this deprives them of their right to use defendant’s baseball parks, in contravention of the federal and state constitutions.
LSA-C.C. Article 458 provides:
“Things which belong in common to the inhabitants of cities and other places, are of two kinds:
“Common property, to the use of which all the inhabitants of a city or other place, and even strangers, are entitled in common; such as the streets, the public walks, and quays.
“And common property which, though it belongs to the corporation, is not for the common use of all the inhabitants of the place, but may be employed for their advantage by the administrators of its revenues.”
Public parks fall into the class of common property to the use of which all persons are entitled in common, Anderson v. Thomas, 166 La. 512, 117 So. 573 (1928). Municipal authorities, or other governmental boards or commissions vested by statute with the right to regulate and control public parks, may make all necessary and proper regulations as to use by the public, but the rules adopted must be reasonable and non-discriminatory, and they must tend to promote the public health, safety, morals or general welfare, Anderson v. Thomas, supra; 64 C.J.S. Municipal Corporations § 1818, c, pp. 300-302.
Our jurisprudence is established that courts should not interfere with the legislative functions of governmental boards and commissions in adopting rules and regulations, unless it is clear that the rules are discriminatory, arbitrary, fraudulent or otherwise unconstitutional, Reynolds v. Louisiana Board of Alcoholic Beverage Consumption, 248 La. 639, 181 So.2d 377 (1965).
Under these rules, it is clear that the regulation attacked in these proceedings is constitutional. Although there was a difference of opinion among the witnesses who testified as to whether the drafting of 15 and 16 year old boys by the American Legion teams from the recreation league unreasonably disrupted the defendant’s baseball recreation program, this is a matter which addressed itself to the discretion of the Commission. Even if the Court thought the rule unwise, it would not substitute its judgment for that of the duly appointed recreation commissioners. The *843 purposes of the rule, as explained by the defendant commissioners, appear to be objective, and reasonably necessary to the recreation baseball program.
Plaintiffs contend the rule discriminates against 15 and 16 year old boys as a class, by denying them the use of the parks. This is not correct. These boys can use the parks, but to do so must play on the recreation league teams. Of course, there is no discrimination against American Legion teams as a class, since the evidence shows these teams actually have preference in the use of the parks, so long as they do not disrupt defendant’s draft system by pulling out 15 and 16 year old boys.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.