936 So.2d 841 (2006)
David and Ilonka BAND
v.
AUDUBON PARK COMMISSION.
No. 2005-CA-0937.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 2006.
*843 David Band, New Orleans, Louisiana, In Proper Person and for Plaintiff/Appellants.
Henry W. Kinney, III, Tara E. Clement, Kinney & Ellinghausen, New Orleans, Louisiana, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge, TERRI F. LOVE, Judge, LEON A. CANNIZZARO, JR.).
JAMES F. McKAY, III, Judge.
This is an appeal of the trial court's judgment granting the Audubon Park Commission's motion for summary judgment against David and Ilonka Band. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY
The Audubon Park Commission (Audubon) operates Audubon Park, the Audubon Zoo, the Aquarium of the Americas, the Louisiana Nature and Science Center and several other related facilities within the City of New Orleans. Historically, on March 16, 1870, the Louisiana State Legislature approved Act 84, "An Act to Establish a Public Park for the City of New Orleans, and to Provide Means Therefore," which created a public body, The Commissioners of the New Orleans Park. The following year the Louisiana State Legislature enlarged the Commissioners' powers and authorized them to purchase additional property in the City of New Orleans, the purpose being to establish a public park in accordance with Act 84. On August 15, 1871, the Commissioners purchased the Park, which was the Foucher Plantation[1] for $800,000.[2] This public park was originally named "Upper City Park" but was eventually renamed Audubon Park. By Act 87 of 1887, the legislature abolished the original offices of the Commissioners and transferred all of the powers and duties formerly conferred on the "Park Commission" to the City Council of New Orleans. Accordingly, the City of New Orleans, through the administration of the Audubon Park Commission, is the owner of Audubon Park.[3]
Ilonka Van Der Meulen, wife of/and David Band, Jr. (the Bands), by an Act passed before John H. Norman, Notary Public, dated August 14, 1981, acquired from Thomas A. Oreck property known as 315 Walnut Street. In this Act of purchase, the Bands recognized that there were visible encroachments on this property which intruded onto Audubon Park. There were no substantial buildings on this encroachment. This encroachment consisted of a brick patio and a light metal fence in a 10' by 30' area.
*844 In the year 2003, Audubon began correspondence with the Bands and other residents informing them that their property was encroaching onto Audubon Park property. Audubon presented the homeowners with alternatives including allowing them to sign a lease for the property or to remove the encroachment. All ten of the affected homeowners agreed to one or the other of the alternatives except for the Bands. The Bands declined either alternative and instituted proceedings against Audubon alleging ownership of the property under various theories including acquisitive prescription. Audubon filed a motion for summary judgment in response to the Bands' petition for declaratory judgment.
The trial court granted Audubon's motion for summary judgment finding that Audubon Park was a "public thing" and not susceptible of being acquired through prescription and citing City of New Orleans, et al. v. State of Louisiana, et al., 443 So.2d 562 (La.1983), as authority. This case is the essential determinative of all other issues in this matter. We agree with the trial court's reliance on this jurisprudence.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. "Favored in Louisiana, the summary judgment procedure `is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends." King v. Parish National Bank, XXXX-XXXX (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966(A)(2)).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Alexis v. Southwood Ltd. Partnership, XXXX-XXXX (La.App. 4 Cir. 7/18/01), 792 So.2d 100, 102. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Supra At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).

ASSIGNMENTS OF ERROR
The single issue, which ultimately controls this case, is a determination of whether or not Audubon Park is a "public thing". Although, the appellants attempt to take this Court on a legal ruse arguing the "academic aspects of property law" we are not motivated to address their novel theories including that Audubon Park is the private property of the City of New Orleans. However, we will address the issue of whether or not Audubon Park is a public thing and the issue of prescription.

DISCUSSION
The appellants argue that they have essentially acquired public property by acquisitive prescription. This particular argument disregards codal and jurisprudential authority, which do not allow landowners encroaching upon public property to acquire ownership rights over the property owned by a municipality and dedicated for public use. This issue is the linchpin for this entire litigation.
*845 Article 448 of the Louisiana Civil Code provides that things are divided into common, public, and private things. Article 450 specifically states that, "Public things are owned by the state or its political subdivisions in their capacity as public persons." The very definition of a "public thing" prohibits a private person from owning a public thing.
Article 450 of the Louisiana Civil Code further provides examples of public things which may be owned by a political subdivision, "[s]uch as streets and public squares" to include public parks owned by a political subdivision in its public capacity. Anderson v. Thomas, 166 La. 512, 117 So. 573 (1928), Crick v. Ward Four Recretional Comm., 256 So.2d 840 (La.App. 3d Cir. 1972), Town of Vinton v. Lyons, 131 La. 673, 60 So. 54. See also, 2 La. Civ. L. Treatise, Property § 56 (4th ed.), A.N. Yiannopoulas. Clearly, the City of New Orleans is a "political subdivision" of the State. As such the City may own streets, public squares, and public parks in its public capacity.
The Supreme Court of Louisiana in The City of New Orleans, et al. v. State of Louisiana, supra, clearly held that Audubon Park is owned by the City of New Orleans. Citing Professor Yiannopoulas, the Court also found that Audubon Park is a public thing,
"A park, which is analogous to a public square, may belong to a political subdivision of the state, such as the City of New Orleans. It is, of course, a public thing owned by the City for the benefit of all persons." [citation omitted]
443 So.2d at 572.
Public things, being insusceptible of private ownership, are inalienable, imprescriptible and exempt from seizure. Vol.2 Louisiana Civil Law Treatise, Property, Second Edition, by Professor A.N. Yiannopoulas. The inalienability of all public things, whether belonging to the State or its political subdivisions, is guaranteed by the Civil Code. La.Civ.Code Art. 450. Unlike the State, there is no constitutional provision declaring that public things belonging to a political subdivision are imprescriptible; however, the imprescriptibility of such a thing is a consequence of their insusceptibility of private ownership under Article 450 of the Civil Code. La.Civ.Code art. 450 and Vol. 2, Louisiana Civil Law Treatise, Property, Second Edition, by Professor A.N. Yiannopoulas. While it is possible to acquire things, which are owned by a political subdivision in its private capacity, it is not possible to acquire by acquisitive prescription those things which are owned by a political subdivision in its public capacity. City of New Orleans, et at. v. Salmen Brick Co., (La.1914), 135 La. 828, 66 So. 237.
Audubon Park was purchased in 1871, specifically pursuant to a Louisiana legislative act for a specific purpose to establish a public park for the City of New Orleans. This specific designation for the property was stated in the original act of sale, after the act of sale, and for the last 134 years, the entirety of the area in question has been dedicated and used as a public park for the benefit of all.
The fact that the appellants purchased their property, with knowledge that it was encroaching onto Audubon Park property with constructions such as a lightweight metal fence and a single layer brick patio does not change a public park to private property. The appellants' assertions are untenable. The City has never abandoned this property nor has it ever revoked its dedication as a public park.
Given the law, the evidence, and the applicable jurisprudence, we conclude, as did the trial court, that Audubon Park is public property, as it has been uninterrupted *846 for over 130 years. Audubon Park as a public thing, belonging to the City of New Orleans in its public capacity, assured that the public has a right to unfettered use of the park.
The appellants assert that the fence and the patio meet the requirements of La. C.C. art. 459 and La. R.S. 9:5627. The trial court considered the structures on the encroaching area and determined that the fence and the patio do not meet the requirements of these exceptions. We agree.

Art. 458. Works obstructing the public use
Works built without lawful permit on public things, including the sea, the seashore, and the bottom of natural navigable waters, or on the banks of navigable rivers, that obstruct the public use may be removed at the expense of the persons who built or own them at the instance of the public authorities, or of any person residing in the state.
The owner of the works may not prevent their removal by alleging prescription or possession.

Art. 459. Building encroaching on public way
A building that merely encroaches on a public way without preventing its use, and which cannot be removed without causing substantial damage to its owner, shall be permitted to remain. If it is demolished from any cause, the owner shall be bound to restore to the public the part of the way upon which the building stood.
In the case sub judice, the encroaching light weight metal fence and the single bricked patio may fit the description of a building pursuant to art. 459 but in no way can be construed to be merely encroaching upon on a public way, nor can it be said that to remove these encroachments would cause substantial damage to the appellants. This fence and patio ostensibly allows two people to enjoy the use of a public thing to the exclusion of all other members of the public to enjoy the park. Appellants' particular situation does not squarely fit the requirements of art. 459. The appellants are obviously encroaching upon public property and have obstructed public use. They are clearly not entitled to the exception pursuant to art. 459, therefore, art 458 is controlling, and the Audubon Park Commission has the right and the authority to demand the removal of the encroachments at the appellants' expense.

La. R.S. 9:5627. Building encroaching on public way
A. A building that merely encroaches on a public way without preventing its use and which cannot be removed without causing substantial damage to its owner shall be permitted to remain. If it is demolished from any cause the owner shall be bound to restore to the public the part of the way upon which the building stood.
All actions to remove such a building shall be barred by prescription two years from the date of the commencement of said building or six months from the effective date of this Section, whichever occurs later; provided that all actions to remove such a building which became barred by prescription under Act No. 684 of 1970 shall remain barred.
B. This Section shall not apply where the encroachment is on public servitudes of drainage, levees, waterways, or on rights-of-way for public highways.
This prescription argument is without merit as this statute requires the same requirements of La. C.C.art. 459. Since *847 the appellants do not meet the requirements of the codal article they also do not meet the requirements of this statute.
Appellants further assert that to remove the encroachments would create a security or hazardous living situation as well as affect their property aesthetically, causing a potential decrease in property value. This argument is totally without merit and can in no way be interpreted as "substantial damage" to fit the requirements of La. C.C. art 459. Furthermore, the appellants were well aware that their property was encroaching onto public property when they purchased the property on Walnut Street.
The appellants' encroachments on public property clearly obstruct the public use of the property. The appellants are not entitled to invoke the exceptions found in art. 459 or R.S. 9:5627; therefore, art. 458 controls. We find no error in the trial court's judgment that the Audubon Park Commission has the right to demand the removal of the encroachments at the appellants' expense.
Appellants also argue that they have acquired property rights in ownership of the encroaching property through a theory of acquisitive prescription or adverse possession as Audubon Park has effectively abandoned the parks public use. We disagree.
Acquisitive prescription is a mode of acquiring ownership of immovable property or real rights by possession. La. C.C. art. 3446. Property may be acquired by ten-years possession, with just title and good faith, or by thirty-years possession, without the requirement of just title or good faith. La. C.C. arts. 3473 and 3486. The party alleging acquisitive prescription must prove, by a preponderance of the evidence, the intent to possess as owner and that his possession has been continuous and uninterrupted, peaceable, public, and unequivocal. La. C.C. arts. 3476 and 3488; Delacroix Corporation v. Perez, 98-2447, p. 3 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865. Every presumption is in favor of the titleholder rather than the party alleging adverse possession. Id., pp. 3-4, 794 So.2d at 865. Whether the party alleging prescription has possessed for the required amount of time without interruption is a factual issue, which is reviewed under the manifest error standard. Id., p. 4, 794 So.2d at 865.
Acquisitive prescription does not run in favor of a precarious possessor, that is, one who possesses with the permission of the owner or on behalf of the owner. La. C.C. art. 3477; Id., p. 5, 794 So.2d at 866. The intent to possess as owner must be express rather than covert. Although the intent may be implied from possession that is open, notorious, public, continuous and uninterrupted, to the exclusion of the owner, there must be strong evidence that gives the owner some notice that his property is in jeopardy. Id., p. 10, 794 So.2d at 869.
As discussed above, the purchase of the property, which is now Audubon Park, was a directive of the Louisiana Legislature more than 130 years ago and has been used as a public park ever since. It has never abandoned its dedication as a public park.
Appellants' assertions primarily rely on the premise that Audubon Park is not a public park but a private property of the City of New Orleans. They have provided neither reliable testimony nor affidavits other than speculation to prove their allegation regarding the boundaries of Audubon Park or the nature of its acquisition. Their argument is unsustainable. We find no merit to their argument concerning the theory of acquisitive prescription.

*848 CONCLUSION
The trial court examined the depositions, affidavits, surveys, the Act of Sale, the Legislative Acts creating Audubon Park and applicable jurisprudence declaring Audubon Park a public thing. As such, the trial court concluded that this public property was insusceptible to prescription. The trial court also concluded that the appellants were encroaching onto this public property and were therefore required to remove the encroachment at their own expense.
Given the fact that public things, such as Audubon Park, can only be owned by the State or its political subdivision, as noted above, it is clear that these adjacent property owners cannot acquire any portion of Audubon Park by the mere passage of time through claims of adverse possession or acquisitive prescription. The trial court was correct in determining that Audubon Park is a public thing not susceptible to private ownership through acquisitive prescription. The City's ownership of this land was created in a specific legislative act to enable the City to purchase private land for a dedicated public use and purpose. The City has never abandoned this use and purpose.
Accordingly, for the above and foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] This property was formerly owned by Etienne de Bore'.
[2] This sale was recorded at the Conveyance Office of the Parish of Orleans, at COB 100 Folio 180.
[3] See Section 5-801 of the Home Rule Charter for the City of New Orleans