| MONUMENTS AND MARKERS, LLC | * | NO. 2024-CA-0834 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| CITY OF NEW ORLEANS AND THE NEW ORLEANS CITY PARK IMPROVEMENT ASSOCIATION | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-13242, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)
**BELSOME, C.J., CONCURS IN THE RESULT.**

Brian E. Sevin
THE SEVIN LAW FIRM, LLC
3838 N. Causeway Blvd.
Suite 3010
Metairie, LA 70002

    COUNSEL FOR PLAINTIFF/APPELLANT

Donesia D. Turner
Corwin M. St. Raymond
Elizabeth A. Weigand
Kevin C. Hill
CITY OF NEW ORLEANS
1300 Perdido Street, Room 5E03
New Orleans, LA 70112

Michael L. DeShazo
Marina J. Wilson
Christine W. Adams
Lindsey R. Pellerin
DESHAZO ADAMS, LLC
832 E. Boston Street
# 6
Covington, LA 70433

    COUNSEL FOR DEFENDANT/APPELLEE

               **AFFIRMED**
               **JULY 16, 2025**

Monuments and Markers, L.L.C. ("Monuments and Markers") appeal the August 30, 2024 judgments granting a peremptory exception of no cause of action in favor of New Orleans City Park Improvement Association ("NOCPIA") and the City of New Orleans (the "City"), dismissing Monuments and Markers' claims.[1] For the reasons that follow, we affirm the August 30, 2024 judgments.

## FACTUAL AND PROCEDURAL HISTORY

In 1893, the Beauregard Monument Association was formed to fund and create a monument in honor of General P.G.T. Beauregard. In 1899, the Daughters of the Confederacy fundraised to assist in the creation of the monument. The General P.G.T. Beauregard statue was originally erected in 1915 and removed from public display in 2018. On December 11, 2023, Monuments and Markers filed a petition for possession of a movable and in the alternative for declaratory

---

[1] There are two August 30, 2024 judgments granting an exception of no cause of action. The judgment in favor of the City provides that Monuments and Markers' case is dismissed, while the judgment in favor of New Orleans City Park Improvement Association provides that Monuments and Markers' claims are dismissed with prejudice. When a judgment is silent as to whether it is dismissed with or without prejudice, the dismissal must be without prejudice. *Doe v. Jesuit High Sch. of New Orleans*, 2021-0284, p. 9 (La. App. 4 Cir. 11/10/21), 331 So.3d 426, 433.

1

relief against the City and NOCPIA. Monuments and Markers sought possession and recognition of ownership of the General P.G.T. Beauregard statue, alleging that it acquired rights to the statue on July 25, 2022 through a quitclaim deed executed by the Daughters of the Confederacy.

Thereafter, the City and NOCPIA individually filed peremptory exceptions of no cause of action, arguing that Monuments and Markers' petition fail to state a cause of action because the statue is a public thing that is insusceptible of private ownership. The trial court held a hearing on the exceptions of no cause of action on June 28, 2024. On August 30, 2024, the trial court signed two judgments granting the exceptions of no cause of action. Monuments and Markers' claims against the City and NOCPIA were dismissed. This appeal timely follows.

**DISCUSSION**

In its sole assignment of error, Monuments and Markers assert that the trial court erred by finding that its petition failed to state a cause of action based solely upon this Court's decision in *McGraw v. City of New Orleans*, 2016-0446 (La App. 4th Cir. 3/29/17), 215 So.3d 319.

*Exception of No Cause of Action*

An appellate court reviews a trial court's ruling on an exception of no cause of action using the *de novo* standard of review because the exception raises a question of law and the trial court's decision is based on the sufficiency of the petition. *Stanley v. Hous. Auth. of New Orleans*, 2023-0192, p. 17 (La. App. 4 Cir. 11/8/23), 377 So.3d 389, 402 (citing *Herman v. Tracage Dev., L.L.C.*, 2016-0082,

2

p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939). The exception of no cause of action calls into question whether the law provides a remedy against the defendant to anyone based upon the factual allegations in the petition. *Girod Titling Tr. v. Hermes Health All., L.L.C.*, 2024-0221, p. 9 (La. App. 4 Cir. 7/1/24), 401 So.3d 721, 729, *writ denied*, 2024-01199 (La. 12/11/24), 396 So.3d 96 (citing *Graystar Mortg., L.L.C. v. Swafford as Tr. For Gregory Swafford Fam. Tr.*, 2023-0263, p. 3, (La. App. 4 Cir. 12/20/23), 382 So.3d 340, 343).

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Girod Titling Tr.*, 2024-0221, p. 10, 401 So.3d at 729 (quoting *Green v. Garcia-Victor*, 2017-0695, p. 5 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453). "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not plead in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.*

Here, Monuments and Markers argue that the trial court relied on *obiter dicta* from this Court's decision in *McGraw* to sustain the exceptions of no cause of action. Monuments and Markers argue that the pleadings in this matter are distinct from the pleading in *McGraw* because the plaintiff in McGraw sought to enjoin the removal of several monuments, while it is asserting ownership.

In *McGraw v. City of New Orleans*, the plaintiff was the founder of Monumental Task Committee. He filed a suit for declaratory and injunctive relief

3

against the City of New Orleans and Mayor Landrieu. 2016-0446, p. 3, 215 So.3d at 321. The plaintiff argued that the City should be enjoined from removing three monuments, including the General P.G.T. Beauregard statue. The plaintiff further argued that that the injunction is warranted because the City's ordinance unreasonably restricts his property rights. *Id.* at p. 3, 215 So.3d at 321-22. This Court provided:

> The Beauregard monument honors Pierre Gustave Toutant Beauregard, a Confederate general who was born in St. Bernard Parish. It depicts him in Confederate military uniform sitting astride a horse. The monument is situated on public property at the entrance of City Park within a traffic circle at the intersection of Esplanade Avenue, North Carrollton Avenue, and Wisner Boulevard. Although it was paid for by funds raised and donated by a private association, the monument was donated to the City in 1907 and publicly dedicated in 1915. Since its dedication, the monument has been maintained through private and public funds and was placed on the National Register of Historic Places in 1999.

*Id*. at pp. 8-9, 215 So.3d at 325.

The *McGraw* court considered whether the trial court erred in denying the plaintiff's request for preliminary injunction. This Court found that the plaintiff failed to establish that he acquired any type of property rights in the monuments. This Court further found that the monuments at issue, including the General P.G.T. Beauregard statue are public things owned by the City in its capacity as a public person. *Id.* at pp. 5-6, 215 So.3d at 323. This Court elaborated that "[t]he very definition of a 'public thing' prohibits a private person from owning a public thing." *Id.* at p. 23, 215 So.3d at 331 (quoting *Band v. Audubon Park Comm'n*, 2005-0937, p. 5 (La. App. 4 Cir. 7/12/06), 936 So.2d 841, 845).

Here, Monuments and Markers argue that the facts pled in its petition clearly assert that it owns property and that no other party has ever acquired an interest to

4

the statue. We disagree. Monuments and Markers alleged that it acquired the right to the General P.G.T. Beauregard statue through a quitclaim deed executed by the Daughters of Confederacy, noting that the Daughters of Confederacy is "a benevolent aid organization chartered to assist veterans and to establish public monuments, to assist the Monument Association in the creation of the . . . Beauregard Statue monument." Monuments and Markers also alleged that the City and NOCPIA failed to tender the General P.G.T. Beauregard statue to it. However, the petition is devoid of any factual allegations of how the Daughters of Confederacy acquired ownership of the statue. Moreover, the facts alleged in the petition were conclusory. As such, we do not find that the petition sufficiently states a cause of action.

Generally, a plaintiff is afforded an opportunity to amend a petition, if the ground of objection may be removed. La. C.C.P. art. 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

"While article 934 permits a plaintiff to amend the petition to remove the objection, the decision to permit an amendment is within the sound discretion of the trial court and, therefore, will not be disturbed absent a showing of manifest error or abuse of discretion." *Pocket Billiards & Bar, LLC v. Fast & Affordable Coll. Student Movers, Inc.*, 2022-0109, p. 7 (La. App. 4 Cir. 8/10/22), 346 So.3d 399, 404 (quoting *Massiha v. Beahm*, 2007-0137, p. 4 (La. App. 4 Cir. 8/15/07), 966 So. 2d 87, 89).

5

Here, we find that permitting the amendment of Monument and Markers' pleading would be unnecessary, as the grounds for the exception of no cause of action cannot be removed by amendment. This Court in *McGraw* has established that the General P.G.T. Beauregard statue is a public thing that was dedicated to public use and that "[t]he very definition of a 'public thing' prohibits a private person from owning a public thing." *See McGraw v. City of New Orleans*, 2016-0446, p. 23, 215 So.3d at 331 (internal citation omitted). Similar to the plaintiff in *McGraw*, Monuments and Markers cannot own a public thing.

Consequently, we do not find that the trial court erred in sustaining the peremptory exception of no cause of action and dismissing Monuments and Markers' claims against the City and NOCPIA.

## CONCLUSION

For the above stated reasons, we affirm the August 30, 2024 judgments dismissing Monuments and Markers' claims.

**AFFIRMED**