■ Jose M. Plaza, Appellant, v General Assurance Company, Respondent. [664 NYS2d 444] —Order, Supreme Court, New York County (Carol Huff, J.), entered May 14, 1997, which granted defendant insurer's cross motion for summary judgment declaring that it had no obligation to defend plaintiff's assignor, an estate, under a homeowner's policy it issued to the decedent, or to indemnify plaintiff under the settlement he entered into with the estate, unanimously affirmed, without costs.

The subject policy's exclusion of coverage for bodily injury arising out of the transmission of a "communicable disease" by an insured is neither ambiguous nor unduly broad, and thus defendant insurer had no duty to defend and indemnify plaintiff's action for personal injuries sustained as a result of the transmission of the HIV infection to him by the insured. The fact that the Public Health Law excludes AIDS, HIV infection, and HIV disease from its list of communicable diseases is not to suggest that such diseases are noncommunicable (Matter of New York State Socy. of Surgeons v Axelrod, 77 NY2d 677, 682). The policy reasons for excluding AIDS and HIV from the lists of communicable and sexually transmissible diseases were fully discussed in the Society of Surgeons case (supra),

and it is clear that those reasons have nothing to do with the average person's common-sense understanding of the term "communicable disease". While it is true that the term "communicable disease" could include a communicable disease that is not transmitted by sexual contact, and, in fact, includes any disease that is communicable, that alone does not render the exclusion unduly broad, invalid or inapplicable herein. We have considered plaintiff's other contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.