792 So.2d 100 (2001)
Lyketta ALEXIS, et al.
v.
SOUTHWOOD LIMITED PARTNERSHIP, et al.
No. 2000-CA-1124.
Court of Appeal of Louisiana, Fourth Circuit.
July 18, 2001.
Darleen M. Jacobs, Al Ambrose Sarrat, Jacobs & Sarrat, New Orleans, La., Counsel for Plaintiffs/Appellants, Lyketta Alexis, et al.
A.J. Rebennack, Jr., Robert J. Caluda, New Orleans, La., Counsel for Plaintiffs/Appellants, Lyketta Alexis, et al.
George C. Aucoin, Jr., Thomas G. Buck, Blue Williams, L.L.P., Metairie, La., Counsel for Defendant/Appellee, First Financial Ins. Co.
F.M. Stoller, Ethan N. Penn, McCloskey, Langenstein & Stoller, L.L.P., New *101 Orleans, La., Counsel for Defendant/Appellee, Sphere Drake Insurance, Limited, Etc.
Fred L. Herman, Fred L. Herman, A Professional Law Corporation and Thomas J. Cortazzo, Lamothe & Hamilton, APLC, New Orleans, La., Counsel for Defendant/Appellant, Tom's Sewer and Drain.
Jerald N. Andry, Andry & Andry, New Orleans, La., Counsel for Defendant/Appellant, Delta Contracting Enterprises, Inc.
Court composed of Judges JAMES F. McKAY III, TERRI F. LOVE, and MAX N. TOBIAS JR.
LOVE, Judge.
Plaintiff-appellants, Lyketta Alexis, et al. ("Plaintiffs"), appeal a summary judgment granted in favor of Odyssey Re (London) Limited F/K/A Sphere Drake Insurance Company, PLC ("Sphere Drake") and First Financial Insurance Company ("First Financial"). The trial court found that the policies of insurance issued by Sphere Drake and First Financial do not provide coverage for the "incidents complained of in this lawsuit." It is from this judgment that Plaintiffs now appeal. For the following reasons, we affirm the judgment of the trial court against defendant, First Financial, and reverse the judgment of the trial court against defendant, Sphere Drake.

FACTS AND PROCEDURAL HISTORY
This lawsuit is based on the alleged exposure over an extended period of time to raw sewage and contaminated soil. Plaintiffs are or were residents of Southwood Patio Homes apartment complex in New Orleans owned by defendant, Southwood Limitited Partnership ("Southwood"), where there are a total of seventeen buildings in the complex providing low-income housing. In October of 1997, Plaintiffs experienced feces and bacterial contaminated objects coming up through their bathroom fixtures.
In January of 1998, defendant, Southwood, hired defendant, Tom's Sewer and Drainage Service ("Tom's"), to fix the problem. Defendant, Tom's, selected defendant, Delta Contracting Enterprises ("Delta"), to perform the work. Plaintiffs allege that several ditches were dug under the buildings of the complex, which caused the sewage from the buildings to accumulate. Plaintiffs further allege that the defendants did not take adequate precautions to protect them from the exposure. The project took over three months to complete.
Consequently, Plaintiffs filed actions against the defendants alleging illnesses due to the windblown contaminated soil, and contaminated air, water and raw sewage exposed during this work. Defendant, Sphere Drake is the liability insurer of defendant, Tom's. Defendant, First Financial Insurance Company, is the liability insurer of defendant, Delta.
Defendants, Sphere Drake and First Financial, each moved for summary judgment alleging that the Total Pollution Exclusion part of the insurance policy precluded coverage. Additionally, First Financial relies on the Communicable Disease Exclusion in its policy. The trial court granted each of the motions for summary judgment. The only issues on appeal are whether the Total Pollution Exclusion and the Communicable Disease Exclusion negated coverage.

STANDARD OF REVIEW
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182.
*102 The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/18/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Oakley, supra. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).

LAW AND ANALYSIS
An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024. The interpretation of an insurance contract should be the same way as in other contracts by using the general rules of contract interpretation pursuant to the Civil Code. Ledbetter v. Concord Gen. Corp., 95-0809 (La.1/6/96), 665 So.2d 1166,1169. The purpose of liability insurance is to afford the insured protection from damage claims. Therefore, insurance contracts should be interpreted to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148 (La. 1993). The extent of coverage is determined by the intent of the parties as reflected by the words of the insurance policy. Ledbetter, 665 So.2d at 1169.

FIRST FINANCIAL
In their original petition, Plaintiffs allege that the exposure from the sewage contaminated soil "sets the stage for possible disease transmission by such means as direct contact. ...." Plaintiffs then go on to list a myriad of possible diseases that were allegedly transmitted by the raw sewage.
Defendant, First Financial, relies on the Total Pollution Exclusion and the Communicable Disease Exclusion as a defense to Plaintiffs' allegations. Specifically, First Financial asserts that there are no ambiguities in the Communicable Disease Exclusion which states "This insurance does not apply to `bodily injury,' `property damage,' `personal injury' or `advertising injury' arising out of the transmission of or alleged transmission of any communicable disease."
After examining the above-mentioned communicable disease exclusion, it is clear that the intent of the parties to the contract was to exclude such coverage as alleged in Plaintiffs' petition. Therefore, we find that the trial court did not err in granting summary judgment in First Financial's favor.

SPHERE DRAKE
Defendant, Sphere Drake, moved for summary judgment arguing that there is no coverage for the alleged claims because of the Total Pollution Exclusion. The Total Pollution Exclusion reads in pertinent part:
This insurance does not apply to:

*103 f. (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.
* * *
Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes material to be recycled, recondition or reclaimed.
In their briefs, Plaintiffs and Defendants both relied on Ducote v. Koch Pipeline Co., 98-0942 (La.1/20/99), 730 So.2d 432 as a guide for our decision. However, after the briefs were submitted, the Louisiana Supreme Court overruled Ducote in Doerr v. Mobil Oil Corporation, XXXX-XXXX, p. 25-27 (La.12/19/00), 774 So.2d 119, 135-136. The Court stated:
In light of the origin of pollution exclusions, as well as the ambiguous nature and absurd consequences which attend a strict reading of these provisions, we now find that the total pollution exclusion was neither designed nor intended to be read strictly to exclude coverage for all interactions with irritants or contaminants of any kind. Instead, we find that "[i]t is appropriate to construe [a] pollution exclusion clause in light of its general purpose, which is to exclude coverage for environmental pollution, and under such interpretation, [the] clause will not be applied to all contact with substances that may be classified as pollutants." Russ, supra, at section 127:6 n. 62. The applicability of a total pollution exclusion in any given case must necessarily turn on several considerations:
(1) Whether the insured is a "polluter" within the meaning of the exclusion;
(2) Whether the injury-causing substance is a "pollutant" within the meaning of the exclusion; and
(3) Whether there was a "discharge, dispersal, seepage, migration, release or escape" of a pollutant by the insured within the meaning of the policy.
First, the determination of whether an insured is a "polluter" is a fact-based conclusion that should encompass consideration of a wide variety of factors. In making this determination, the trier of fact should consider the nature of the insured's business, whether that type of business presents a risk of pollution, whether the insured has a separate policy covering the disputed claim, whether the insured should have known from a read [sic] of the exclusion that a separate policy covering pollution damages would be necessary for the insured's business, who the insurer typically insures, any other claims made under the policy, and any other factor the trier of fact deems relevant to this conclusion.
Second, the determination of whether the injury-causing substance is a "pollutant" is also a fact-based conclusion that should encompass a wide variety of factors..... Consequently, when making this determination, the trier of fact should consider the nature of the injury-causing substance, its typical usage, the quantity of the discharge, whether the substance was being used for its intended purpose when the injury took place, whether the substance is one that would be viewed as a pollutant as the term is generally understood, and any other factor the trier of fact deems relevant to that conclusion.

*104 Finally, the determination of whether there was "discharge, dispersal, seepage, migration, release or escape" is likewise a fact-based conclusion that must result after a consideration of all relevant circumstances. Specifically, the trier of fact should consider whether the pollutant was intentionally or negligently discharged, the amount of the injury-causing substance discharged, whether the actions of the alleged polluter were active or passive, and any other factor the trier of fact deems relevant. These factual conclusions should be made to assist a court in determining whether the total pollution exclusion in any particular case will exclude coverage for a claim.[footnotes omitted]
In light of Doerr and the above-mentioned considerations, we find that there are genuine issues of material fact relating to the pollutants that preclude summary judgment.

DECREE
For the above reasons, we hold that the trial court did not err in granting summary judgment in favor of First Financial. Hence, that portion of the judgment is affirmed. However, summary judgment was improper for Sphere Drake and we reverse and remand for a trial on the merits.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
McKAY, J., Concurs in Part and Dissents in Part.
McKAY, J. concurs in part and dissents in part.
I concur with the majority's opinion that the trial court's granting of summary judgment to Sphere Drake was improper. However, I respectfully dissent from the majority opinion in so far as it affirms the trial court's granting of summary judgment in favor of First Financial.
The damage in the instant case was allegedly caused by "raw sewage and sewage contaminated soil." The exclusion clause does not give an all-inclusive definition of waste but states that waste includes "materials to be recycled, reconditioned, or reclaimed." Whether both raw sewage and sewage contaminated soil are classified as waste under this clause is unclear. Accordingly, whether First Financial's policy provides coverage, a duty to defend, or a duty to indemnify will depend on factual findings to be made by the trier of fact. Therefore, I believe summary judgment in favor of First Financial was improper.