904 So.2d 760 (2005)
R.J. MESSINGER, INC.
v.
Carl D. ROSENBLUM and Kathryn L. Knauss-Rosenblum.
Carl D. Rosenblum and Kathryn L. Knauss-Rosenblum
v.
R.J. Messinger, Inc.
Nos. 2003-CA-2209, 2003-CA-2210.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 2005.
*762 Jack E. Morris, Metairie, Counsel for Appellant R.J. Messinger, Inc.
Robin D. McGuire, Jones Walker Waechter Poitevent Carrere & Denegre, L.L.P., Lafayette, Counsel for Appellees Carl D. Rosenblum and Kathryn L. Knauss-Rosenblum.
Court composed of Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME.
KIRBY, J.
This is an appeal of a partial summary judgment granted in favor of Carl and Kathryn Rosenblum ("the Rosenblums") and against R.J. Messinger, Inc. ("Messinger"). For the reasons set forth below, we affirm.
On October 1, 1993, the Rosenblums entered into a contract with Messinger for the construction of a home. The contract specified that Messinger would utilize Orkin Exterminating Company ("Orkin") to provide the chemical spray beneath the slab for termite control. While the home was under construction, the Rosenblums learned that Messinger used an exterminator other than Orkin to provide termite control.
In an attempt to resolve the matter, the parties entered into a "Guarantee" dated September 24, 1994. The Guarantee states, in pertinent part:
...in consideration of the release of any claims Rosenblum may have resulting from Messinger's failure to utilize the services of Orkin as required by the Project Specifications, Messinger has and does hereby warrant, guarantee and agree that in the event any termite damage is found to exist in the Residence during the life of the Residence, Messinger will repair and replace any said damage.
Messinger further agrees to indemnify Rosenblum for any costs or inconvenience resulting from the existence of any such damage, including, without limitation, the loss of the use of the Residence due to the termite damage or the repair thereof.
In May 2002, the Rosenblums discovered what they alleged to be active termite damage in the home. In accordance with the terms of the Guarantee, the Rosenblums gave Messinger written notice to repair the damage. On June 21, 2002, Messinger filed a petition for declaratory judgment, seeking to have the Guarantee declared invalid and unenforceable. On August 26, 2002, the Rosenblums filed a petition for breach of contract against Messinger. On October 29, 2002, the Rosenblums filed an answer to Messinger's petition, along with a reconventional demand seeking essentially the same relief prayed for in their petition for breach of contract. The trial court consolidated the two matters.
On February 24, 2003, the Rosenblums filed a motion for partial summary judgment, seeking damages and the dismissal of Messinger's petition. In support of their motion, the Rosenblums presented the affidavit of Carl Rosenblum, attesting to the fact that new termite damage was discovered and, stating further that the Rosenblums were forced to retain Stephen G. Albert d/b/a Albert Construction Company to repair the termite damage. The Rosenblums also submitted a copy of the *763 Guarantee and the demand letter to Messinger and the affidavit of Stephen G. Albert verifying the work performed in connection with the repairs.
On April 7, 2003, Messinger filed a cross-motion for summary judgment, seeking to have the Guarantee declared invalid and unenforceable, and a dismissal of the Rosenblums' claim for damages. In support of its motion, Messinger offered the affidavit of its President, Robert J. Messinger; the Guarantee; correspondence between the parties and their attorneys; the Rosenblum's "Demand for Arbitration," the Award of Arbitrator and related correspondence; and a 1994 contract between Orkin Exterminating Company and Mr. Messinger.
On August 25, 2003, a partial summary judgment was rendered in favor of the Rosenblums, (i) dismissing with prejudice all claims of Messinger in the petition for declaratory judgment; (ii) finding the Guarantee valid and enforceable; (iii) finding Messinger liable to the Rosenblums under the Guarantee for the termite damage to the Rosenblums' residence discovered in May 2002; and (iv) reserving for trial the determination as to the amount of damages and other obligations owed by Messinger to the Rosenblums under the Guarantee resulting from the termite damage. The trial court's judgment further ordered "there is no just reason for delay and that this Partial Summary Judgment be and hereby is designated a final judgment pursuant to Louisiana Code of Civil Procedure Article 1915(B)(1)."
Messinger appealed the granting of the partial summary judgment. This Court dismissed the appeal without prejudice because the trial court failed to state why there were no just reasons for delay of Messinger's right to appeal the judgment. We stated: "This court, in interpreting article 1915, requires that for there to be a valid certification of a partial summary judgment as final, the trial court must give explicit reasons on the record as to why there is no reason for delay; mere conclusory statements do not suffice." R.J. Messinger, Inc. v. Rosenblum, 2003-2209, 2003-2210 (La.App. 4 Cir. 6/2/04), 876 So.2d 898, 900.
The Louisiana Supreme Court granted Messinger's writ application to address this jurisdictional issue and to resolve the split that has existed among the circuits. R.J. Messinger, Inc. v. Rosenblum, XXXX-XXXX (La.10/15/04), 883 So.2d 1060. In an opinion rendered March 2, 2005, the Supreme Court vacated the judgment of this court that dismissed Messinger's appeal and remanded the matter to this Court for further proceedings. Addressing the jurisdictional issue, the Supreme Court pronounced:
In order to assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. However, if the trial court fails to do so, we find the appellate court cannot summarily dismiss the appeal. For the purposes of judicial efficiency and economy, we approve the approach taken by the First, Third and Fifth circuits, and hold the proper standard of review for an order designating a judgment as final for appeal purposes when accompanied by explicit reasons is whether the trial court abused its discretion. If no just reasons are given but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper. Of course, if after examination of the record the propriety of the certification is not apparent, the court of appeal may request a per curiam opinion from the trial judge. *764 Alternatively, the court of appeal could issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed for failure to comply with La.Code of Civ. P. art. 1915, when the propriety of the certification is not apparent and the trial court has failed to give reasons for its certification.
R.J. Messinger, Inc. v. Rosenblum, XXXX-XXXX (La.3/2/05), 894 So.2d 1113, 1122.
Before reaching the merits of this appeal, we must first address the jurisdictional issue of whether the trial court's judgment is a final judgment for purposes of La. C.C.P. art. 1915(B)(1). The trial court designated this partial summary judgment as final, but failed to state reasons; however, some justification for the certification is apparent from the record. Accordingly, as directed by the Louisiana Supreme Court, we shall make a de novo determination of whether the certification was proper. To assist in this determination, the Louisiana Supreme Court has identified four criteria, although not exclusive, that have been applied in federal courts, as follows:
1. The relationship between the adjudicated and unadjudicated claims;
2. The possibility that the need for review might or might not be mooted by future developments in the trial court;
3. The possibility that the reviewing court might be obligated to consider the same issue a second time; and
4. Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Messinger, 894 So.2d at 1122, citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3rd Cir.1975).
In the present case, the judgment at issue is determinative of the merits of the Rosenblums' breach of contract action and the principal issue of Messinger's declaratory judgment action. The judgment is essentially determinative of all issues other than the amount of damages properly recoverable. Moreover, it is clear that the determination of that remaining issue will not affect the judgment. Under the circumstances presented, we cannot say that the trial court erred in certifying the partial summary judgment as a final and appealable judgment under La. C.C.P. art. 1915(B)(1). We, therefore, proceed to the merits of this appeal.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. "Favored in Louisiana, the summary judgment procedure `is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends." King v. Parish National Bank, XXXX-XXXX (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966(A)(2)).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Alexis v. Southwood Ltd. Partnership, XXXX-XXXX (La.App. 4 Cir. 7/18/01), 792 So.2d 100, 102. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine *765 issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
On appeal, Messinger argues that the trial court erred in granting the Rosenblums' motion for summary judgment and in denying its cross-motion for summary judgment. Specifically, Messinger asserts that the Guarantee was extinguished or rendered unenforceable as a result of a subsequent arbitration proceeding.
On February 14, 1996, the Rosenblums made a demand for arbitration against Messinger. In connection with the arbitration proceeding, the Rosenblums submitted an extensive list of substandard and/or incomplete work allegedly performed by Messinger in the construction of their home. Included in the list was a claim for damages in the sum of $1,171.00 against Messinger for services performed by Orkin. On September 12, 1996, an arbitration award was rendered. The Rosenblums were awarded $39,047.94 for their claim, which is not itemized, and Messinger was awarded $35,601.97 on its counterclaim for a balance due under the construction contract.
The Rosenblums argue that the arbitration resulted from Messinger's breach of other provisions of the Building Contract, not the Guarantee, and, furthermore, that they did not assert any claim in arbitration that had been released in the Guarantee. The Rosenblums maintain that the reference to Orkin in their list of grievances before the arbitrator was simply to show all of the shortcomings of Messinger's work. The Rosenblums further argue that if Messinger believed the Rosenblums were asserting a claim before the arbitrator that was released pursuant to the Guarantee, its remedy was to assert a defense of res judicata. No such defense has been asserted.
Messinger also argues in this appeal that the Guarantee is unenforceable due to failure of consideration. Specifically, Messinger argues that because the Rosenblums pursued the Orkin claim in arbitration, the promise made in the Guarantee became worthless to Messinger, resulting in a total failure of the sole cause and consideration given to Messinger for its agreement to enter into the Guarantee.
In analyzing contracts, we are guided by the general rules contained in articles 2045-2057 of the Louisiana Civil Code. The interpretation of a contract is the determination of the common intent of the parties. La. C.C. art.2045. To ascertain the parties' intent, the court must first look to the words and provisions of the contract. Amend v. McCabe, 95-0316 (La.12/1/95), 664 So.2d 1183; Hayes v. Eagle, Inc., XXXX-XXXX (La.App. 4 Cir. 5/12/04), 876 So.2d 108, 110. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046.
Whether a contract is ambiguous or not is a question of law. Fourroux v. Board of Commissioners for Orleans Levee Dist., XXXX-XXXX (La.App. 4 Cir. 1/8/03), 837 So.2d 698, 701. When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is the proper procedural vehicle to present the question to the court. McCrory v. Terminix Service Co. Inc., 609 So.2d 883, 886 (La.App. 4 Cir.1992). Appellate review of the question(s) of law is simply whether the trial court's interpretive decision is legally correct. Id.
*766 In the present case, under the plain and unambiguous language of the Guarantee, the Rosenblums released all claims against Messinger for its failure to use Orkin. If the Guarantee had contained only the above-stated provision, Messinger might have prevailed in this matter. However, the Guarantee also specifically provided that in consideration for such release, Messinger agreed to bear the costs if ". . .any termite damage is found to exist in the Residence during the life of the Residence...." Clearly, the Guarantee reserved to the Rosenblums the right to assert a claim against Messinger if termite damage was discovered in the future. We conclude that to read the Guarantee otherwise would render it meaningless. La. C.C. art. 2050 provides that "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."
After our de novo review of the record, we find no error on the part of the trial court in determining that the Guarantee was valid and enforceable as to the Rosenblums' present claim for termite damage. We have carefully reviewed the terms of the Guarantee and find the trial court's interpretation to be legally correct. Moreover, a review of the arbitration proceedings contained in the record does not reveal that the present claim being asserted by the Rosenblums has been resolved or extinguished as a result of the arbitration award. Finally, as the Rosenblums' supporting documents sufficiently resolve all material issues of fact regarding their claim, they are entitled to summary judgment as a matter of law.
For the reasons stated herein, we affirm the judgment of the trial court granting the Rosenblums' motion for summary judgment and denying Messinger's cross-motion for summary judgment.
AFFIRMED.