JAMES F. McKAY III, Judge.
| j Liberty Mutual Fire Insurance Company [1] appeals the judgment of the trial court granting Marion Baker’s and Allstate Insurance Company’s motion for summary judgment. The trial court found that the appellant’s homeowners’ policy was applicable as Ms. Baker’s injuries that resulted from an accident that did not arise from Mr. Hurst’s use of his vehicle.[2] For the reasons that follow we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On May 17, 2008, Ryan Hurst and Marion Baker were guests at Nancy Isaac-son’s, a mutual friend’s, birthday party at 3504 Napoleon Avenue. Mr. Hurst had parked his Ford F-250 extended cab pickup truck next to the curb and adjacent to a driveway on South Galvez Street. Marion Baker’s Chevrolet van was parked in the driveway. As they were both leaving, Mr. Hurst discovered that he had locked his keys in his pickup truck. He found a piece of metal frame from which he fashioned a metal lock pick and used it to open the truck door. Once the door |2was opened he flung the metal lock pick away. Unbeknownst to Mr. Hurst the metal object ricocheted off of the truck bed into the air, entered Ms. Baker’s open driver side window, which was facing the truck’s cargo bed, and struck Ms. Baker in the eye. This accident caused Ms. Baker to sustain a severe injury to her eye lens which required surgery and resulted in permanent eye disability.
At the time of the accident, Mr. Hurst was living with his parents who had two policies of liability insurance from Liberty Mutual Fire Insurance Company (“Liberty Mutual”), a homeowners’ policy with $300,000.00 liability coverage and an automobile liability policy with $30,000.00 liability coverage.[3] Ms. Baker filed suit against Mr. Hurst and Liberty Mutual in its two capacities, Liberty Guard Deluxe Homeowners’ and Liberty Guard Auto, alleging, alternatively, that one or the other policy provided liability coverage to Ryan Hurst, and also against Allstate Insurance Company, her UM policy insurer. Ms. Baker ultimately filed a motion for partial summary judgment against Liberty Mutual asserting that its homeowner’s policy insured Mr. Hurst for his negligent act. In response, Liberty Mutual filed a cross motion for summary judgment, asserting that its homeowners’ policy did not insure Mr. Hurst at the time of the accident because the accident was a result of the use of a vehicle under its automobile liability policy.
The trial court heard both of the motions and granted Ms. Baker’s partial motion for summary judgment and denied Liberty Mutual’s motion for summary judgment.
^ASSIGNMENTS OF ERROR
Liberty Mutual asserts that the trial court erred in finding (a) that the homeowners’ policy provided coverage to Mr. Hurst even though the policy contained a “vehicle use exclusion” clause and (b) that the homeowners’ policy provided coverage for the accident.
*217 STANDARD OF REVIEW
Applicable jurisprudence and statutory authority have clearly established that appellate courts review summary judgment de novo.[4]
DISCUSSION
Liberty Mutual seeks to restrict coverage to the automobile liability policy thus precluding coverage under the homeowners’ policy based on the exclusion clause and asserts that this exclusion clause operates to bar recovery under the homeowners’ policy. The homeowners’ policy specifically excludes coverage for personal liability and medical payments for bodily injury “arising out of the ownership, maintenance, use, loading or unloading of motor vehicles ... owned or |4operated by or rented or loaned to an ‘insured’ “An ‘insured’ means you and residents of your household who are: a. your relatives....”
The crux of the argument and the determinative issue is whether Mr. Hurst’s act of using a wire to gain access to his vehicle and throwing that wire into his truck bed constitutes, as contemplated by the policies, use or loading of the vehicle for the purpose of coverage under the homeowners’ policy or the automobile liability policy.
The trial court determined that Ryan Hurst’s action was negligent in ways separate and apart from the operation of the vehicle. Thus, he had an independent duty to exercise reasonable care in disposing of the metal wire. Therefore, the auto exclusion clause in the homeowners’ policy did not apply.
Ryan Hurst’s negligent act of throwing the metal object onto a hard surface, the truck bed, had no connection with the use of his truck and is not to be construed as a use of his vehicle. The Liberty Mutual automobile policy clearly established that there is coverage for negligent acts of it insured while in the “use” of his vehicle. The homeowners’ policy provides coverage because the injury did not involve “use” of the vehicle. Mr. Hurst’s may have been negligent in tossing the metal object but he was not negligent in operating or using his vehicle. The fact that the metal ricocheted off the truck bed after being thrown and before causing injury is merely incidental.
In the case of Terminix Services, Inc. v. State Farm Mut. Auto. Ins. Co., 01-720 (La.App. 5 Cir. 11/27/01), 803 So.2d 198, the court recounted in detail the | ^considerations to be made when making a determination of what “use” of a vehicle *218 means. The meaning of the term “use” in vehicle liability insurance policies has been the subject of much litigation. It is well established that one need not be actually operating or driving a vehicle in order to be using it. Baudin v. Traders and General Insurance Company, 201 So.2d 379, 381 (La.App. 3rd Cir.1967), Tolleson v. State Farm Fire and Cas. Co., 449 So.2d 105, 108 (La.App. 1st Cir.1984).
Further, the jurisprudence of Louisiana has given a broad interpretation to the words “arising out of the ... use of the automobile.” The totality of the circumstances surrounding or leading up to an accident should be examined in determining if accident arose out of the “use” of the automobile or truck. By looking to what part the automobile played in the entire scheme the courts can determine if there is coverage, and if so, how far it will be extended. Each case must depend on its facts according to the part the automobile played in the scheme. U.S. Fidelity & Guar. Co. v. Burris, 240 So.2d 408, 409 (La.App. 2 Cir.1970).
In Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982), the Supreme Court established the analysis to be used in determining whether an accident arose out of the “use” of an automobile. The Court noted that the “use” provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. Thus, the courts are required to answer two separate questions:
|fi(l) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
(2) Was it a use of the automobile?
In deciding the first of the two issues listed above — that is, whether the policy holder’s actions were a legal cause of the plaintiffs damages, the Court in Carter considered whether the insured person breached a legal duty imposed to protect against the particular risk involved. Id. at 1084. In so doing, the Court applied a lengthy and comprehensive duty/risk analysis. After detailing the policy holder’s duty not to circumvent barricades and drive on closed roads, a duty imposed by statutory law, the Court found that the risk of the ten-year-old passenger drowning was encompassed by that duty. Id. at 1086. In reaching that conclusion, the Court noted that the particular risk might have been unforeseeable, but nevertheless found that it was within the ambit of the duty because it was “easily associated with the rule relied upon and with other risks of the same type that are foreseeable and clearly within the ambit of protection.” Id.
Also in Carter v. City Parish Government of East Baton Rouge, supra followed in Kessler v. Amica Mutual Insurance Co., 573 So.2d 476 (La.1991), the Louisiana Supreme Court noted that the “arising-out-of use” provision was designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury.
The present matter is distinguishable from CaHer in that Carter did involve a homeowners’ policy. Apposite to this case is that Mr. Hurst was not driving his 17vehicle and the vehicle was clearly not the cause in fact of the injury to the plaintiff. The cause in fact of Ms. Baker’s injury was the negligent personal act/action of the defendant vis-a-vis throwing the metal wire pick in an unsafe manner. His negligent act of throwing the metal wire, not his negligent use of the vehicle, was clearly the legal cause of the injury, an action independent from the use of his truck. It was foreseeable that the act of *219 throwing the metal wire, allegedly in a violent manner, could have adverse consequences. In this case a wire, negligently thrown by the defendant, ricocheted off of the truck bed into the plaintiffs open car window and seriously injured the plaintiff. This fulfills the first prong of the inquiry.
To meet the second prong of the Carter analysis, the vehicle must be central to the theory of liability. Courts should apply a common sense approach to determine whether the duty breached by the insured flowed from the automobile’s “use” under the policy language. Casso v. United Cabs, Inc., 96-0982, p. 5 (La.App. 4 Cir. 1/29/97), 688 So.2d 180, 183, citing Fertitta v. Palmer, 252 La. 386, 211 So.2d 282 (1968).
In order for the conduct to arise out of the use of the vehicle, the automobile must be essential to the theory of liability. The specific duty breached by the insured must flow from the use of the automobile. If the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of the |sautomobile. W.S. McKenzie and H.A. Johnson, Louisiana Civil Law Treatise, Volume 15, Insurance Law and Practice, § 65 (1986).
If our analysis was a “but not for analysis” the defendant’s argument might have some plausibility for its theory of liability. While the wire may have been essential to the use of the vehicle that connexity ended when the Mr. Hurst discarded it. The act of discarding the wire was negligence and the injury that followed was a direct result of this negligence. Given the totality of the circumstances and a common sense analysis we conclude, as did the trial court, that the duty that the defendant breached did not flow from the use of his truck. The truck was not essential to the issue of liability. Hence, the second prong of Carter has not been met.
CONCLUSION
Based on the above and forgoing we find that the plaintiff has met her dual burden of proving that there are no genuine issues of material fact and that she is entitled to a judgment as a matter of law. The trial court concluded that the plaintiff proved her theory of liability and that the homeowners’ policy applied to this incident, not the automobile liability policy. We agree with this determination and affirm the judgment of the trial court.
AFFIRMED.

. The record reflects the Liberty Mutual Insurance Company appealed the judgment, not the party cast in judgment, Liberty Mutual Fire Insurance Company.

. Allstate Insurance Company is Marion Baker’s U/M insurer.

. A/k/a/ Liberty Guard Deluxe Homeowners’ and Liberty Guard Auto, respectively.

. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. "Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends.” King v. Parish National Bank, 2004-0337 (La. 10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966(A)(2)).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Alexis v. Southwood Ltd. Partnership, 2000-1124 (La.App. 4 Cir. 7/18/01), 792 So.2d 100, 102. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La. C.C.P. art. 966(C).