GROSS, J.
We affirm a final summary judgment in favor of the insurer in a declaratory judgment action, holding that the language of the policy excludes bodily injury caused by the transmission of a communicable disease or virus.
The plaintiff brought an action against appellant John Clarke for injuries sustained after she contracted Herpes Simplex Virus (“HSV”) from him. The plaintiff sought damages on theories of negligence, fraudulent concealment, battery, and intentional infliction of emotional distress.
The plaintiffs complaint told the following story. Within two months of meeting Clarke, the plaintiff moved into his home. At his home, the plaintiff and her mother discovered medications and hygiene products that caused the plaintiff to question Clarke’s sexual health. Clarke had anticipated these concerns and preemptively visited a urologist to take a variety of STD tests. He knew that he would test negative for HSV because he had not had an active outbreak within the prior three months. When the plaintiff confronted Clarke on his sexual health, he presented her with his test results. He had tested negative for HSV.
Comforted by the test results, the plaintiff had sexual intercourse with Clarke. Shortly thereafter, the plaintiff experienced severe genital discomfort and later *584 tested positive for HSV. She had no prior history of carrying or suffering from HSV before dating Clarke.
Clarke held a homeowner’s insurance policy with State Farm. He requested State Farm provide him with a legal defense and indemnify him for any resulting liability. State Farm agreed to defend Clarke subject to a reservation of rights.
In the “Liability Coverages” section of the policy, State Farm agreed to defend and indemnify Clarke for suits brought against Clarke “for damages because of bodily injury ... to which this coverage applies.”[1] The policy further defined “bodily injury” to specifically not include:
(a) any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person.
(b) the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person; or
(c) emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.
State Farm brought a declaratory action seeking relief from any obligation to defend or indemnify Clarke in the underlying action. The trial court entered final summary judgment in favor of State Farm.
The review of the trial court’s ruling on summary judgment based on an interpretation of an insurance contract is de novo. See, e.g., Chandler v. Geico Indem. Co., 78 So.3d 1293, 1296 (Fla.2011).
The plaintiffs claims fell outside the plain language that defined the scope of the policy’s coverage. State Farm agreed to defend and indemnify Clarke for claims brought against Clarke “for damages because of bodily injury.” The policy excluded from the definition of “bodily injury” communicable diseases “transmitted by any insured to any other person.” The plaintiff based all four of her causes of action on the fact that she “was exposed to a high risk HSV virus and contracted the herpes virus from the Defendant” as a result of his actions. Thus, the trial court correctly concluded that State Farm did not owe a duty of defense or indemnification, because the complaint did not allege “bodily injuries]” covered by the policy. Rather, the complaint alleged injuries expressly excluded by the policy.
Clarke argues for a narrow and strained interpretation of the policy’s exclusions to “bodily injury.” However, Florida courts strictly construe exclusionary provisions “only in the sense that the insurer is required to make clear precisely what is excluded from coverage.” State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Fla., Inc., 678 So.2d 397, 401 (Fla. 4th DCA 1996), affirmed, 711 So.2d 1135 (Fla.1998). “Where the insurer has defined a term used in the policy in clear, simple, non-technical language ... strict construction does not mean that judges are empowered to give the defined term a different meaning deemed more socially responsible or desirable to the insured.” Id.
According to Clarke, a strict construction of the provisions defining “bodily injury” requires State Farm to provide coverage. Clarke claims the exclusions deny *585 coverage for claims based on contracting or exposing another to a communicable disease. However, Clarke argues the provisions do not exclude coverage for the resulting physical injuries caused by the disease — the symptoms “arising out of’ HSV. Clarke points to several policy provisions where State Farm specifically uses the phrase “arising out of’ to exclude coverage for damages, such as damages “arising out of’ operating a business, for example. He contends it is significant that the policy does not similarly exclude damages “arising out of’ communicable diseases.
For the purpose of construing the policy, a “disease” necessarily includes its symptoms. Clarke’s argument ignores the plain language of the policy, which excludes the transmission of a communicable disease to another by an insured from the definition of “bodily injury.”
Clarke relies on Plaza v. General Assurance Co., 244 A.D.2d 238, 664 N.Y.S.2d 444 (N.Y.App.Div.1997), and Alexis v. Southwood Ltd. P’ship, 792 So.2d 100 (La.Ct.App.2001). These cases are distinguishable. In Plaza, a case where the defendant transmitted HIV to the plaintiff, the court held that an insurance company did not have a duty to defend or indemnify its insured where the policy denied coverage “for bodily injury arising out of the transmission of a ‘communicable disease’ by [the] insured.” 664 N.Y.S.2d at 444. Similarly in Alexis, an insured exposed the plaintiff to contaminated soil, “set[ting] the stage for possible disease transmission by such means as direct contact.” 792 So.2d at 102. The court held that the insurance company did not have a duty to defend or indemnify the insured, because the policy denied coverage for “bodily injury ... arising out of the transmission of or alleged transmission of any communicable disease.” Id.
These cases demonstrate only that an insurer may deny coverage where a policy expressly denies coverage for bodily injury “arising out of’ the transmission of communicable diseases. Neither case construes the provision at issue in this case. Neither case concludes that the phrase, “arising out of,” contains the magic words necessary to exclude coverage for the transmission of a communicable disease. That a provision in an insurance policy might have been drafted differently “does not necessarily mean that the provision is otherwise inconsistent, uncertain or ambiguous.” State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla.1986).
Because we have decided the case based on the language of the policy, we do not reach the other grounds relied upon by the circuit court — the application of the pokey’s exclusions for intentional acts and for liability statutorily imposed on any insured. See § 384.24, Fla. Stat. (2010).

Affirmed.

POLEN and CONNER, JJ., concur.

. Coverage L — Personal Liability "If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will: (1) pay up to our limit of liability for the damages for which the insured is legally liable; and (2) provide a defense at our expense ... make any investigation and settle any claim our suit ... [up to] our limit of liability.”