# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2453

_____

Brent Lambi

*Plaintiff - Appellant*

v.

American Family Mutual Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 17, 2013
Filed: February 11, 2013
[Unpublished]

_____

Before BYE and MELLOY, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

Brent Lambi sued his homeowner's insurance carrier, American Family Mutual Insurance Company (American Family), after the insurer failed to defend or

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

indemnify Lambi in a lawsuit brought against him by Brian Potter. Potter's lawsuit alleged Lambi infected him with human immunodeficiency virus (HIV) while the two men were engaged in sexual activity. The district court[2] granted summary judgment in favor of American Family after concluding the coverage provisions of Lambi's policy were not triggered by this litigation. The district court further determined two exclusions in the policy applied even assuming coverage was somehow initially triggered.

Reviewing de novo, see Clinkscale v. St. Therese of New Hope, 701 F.3d 825, 827 (8th Cir. 2012), we affirm. To trigger coverage or a duty to defend under the policy, the bodily injury alleged in Potter's lawsuit had to be included within the policy's definition of bodily injury *and* Potter's injuries could not fall within any exclusions. The policy stated bodily injury did not include:

> a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organism which are transmitted by any insured to any other person;
>
> b. the exposure to any such communicable disease, bacteria, parasite, virus, or other organism; or
>
> c. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

The district court held that Lambi failed to establish Potter's alleged exposure to HIV triggered coverage because the definition of bodily injury excepted from its meaning the transmission of communicable diseases, such as infecting a sexual partner with HIV. The policy also had an "abuse" exclusion for bodily injury arising out of or resulting from any actual or alleged sexual molestation or contact, and another

---

[2]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

exclusion for bodily injury arising out of the actual or alleged transmission of a communicable disease. The district court held that American Family established the applicability of both of these exclusions.

Lambi contends the policy's definition of bodily injury is ambiguous because it includes "sickness" but not "communicable disease." We need not decide that issue, however, because it is clear both of the exclusions apply even assuming coverage was initially triggered under the policy. See Brake Landscaping & Lawncare, Inc. v. Hawkeye-Security Ins. Co., 625 F.3d 1019, 1023 n.3 (8th Cir. 2010) (declining to reach an initial coverage question where it was clear a policy exclusion applied even if coverage was triggered); see also Westfield Ins. Co. v. Robinson Outdoors, Inc., 700 F.3d 1172, 1174-75 (8th Cir. 2012) ("We will assume, without deciding, that the claims in the underlying lawsuits are covered by the insurance policies because even if [the insured] could prove the underlying lawsuits were covered, we hold the exclusion provision precludes coverage."). The policy's "abuse" exclusion unambiguously excludes coverage for bodily injury arising out of actual or alleged sexual contact, which is precisely the type of bodily injury Potter alleged in his lawsuit. Similarly, the policy excluded bodily injury arising out of the actual or alleged transmission of a communicable disease, and infecting another with the HIV virus clearly falls within the plain and ordinary meaning of the transmission of a communicable disease.

We affirm the judgment of the district court.

_____