# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0136, <u>Jane Doe v. State Farm Fire and Casualty Company</u>, the court on September 21, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Jane Doe, appeals an order of the Superior Court (<u>Delker</u>, J.) granting summary judgment in favor of the respondent, State Farm Fire and Casualty Company, on her petition for declaratory judgment, which was submitted to the trial court on an agreed statement of facts. She contends that the trial court erred, as a matter of law, "in ruling that a sexually transmitted virus is excluded from coverage under a policy which excludes viruses which are 'communicable.'"

In reviewing a trial court's summary judgment ruling, we consider the pleadings, together with any affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. <u>N.H. Resident Ltd. Partners of Lyme Timber Co. v. N.H. Dep't of Revenue Admin.</u>, 162 N.H. 98, 101 (2011). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. <u>Id</u>. We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>.

The interpretation of insurance policy language is a question of law for this court to decide. <u>Bartlett v. Commerce Ins. Co.</u>, 167 N.H. ___, ___, 114 A.3d 724, 732 (2015). The fundamental goal of interpreting an insurance policy, as in all contracts, is to carry out the intent of the contracting parties. <u>Id</u>. To discern the parties' intent, we first examine the language of the contract itself. <u>Id</u>. In interpreting policy language, we look to the plain and ordinary meaning of the policy's words in context. <u>Id</u>. We construe the terms of the policy as would a reasonable person in the position of the insured based upon more than a casual reading of the policy as a whole. <u>Id</u>.

Policy terms are construed objectively, and where the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning. <u>Id</u>. Absent ambiguity, our search for the parties' intent is limited to the words of the policy. <u>Id</u>. at ___, 114 A.3d at 732-33. The fact that the parties may disagree upon the interpretation of a term or clause in an insurance policy

does not necessarily create an ambiguity.  Id. at \_\_\_, 114 A.3d at 733.  For an ambiguity to exist, the disagreement must be reasonable.  Id.

The petitioner seeks coverage for herpes simplex virus II (HSV II), which she agrees is "a sexually transmitted disease," and which she states she "contracted . . . as a result of her sexual contact with" the respondent's insured.  The homeowner's insurance policy at issue excludes from coverage "any of the following which are communicable:  disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person."  The petitioner argues that HSV II is not "communicable" because two dictionaries "define[ ] communicable as 'capable of being easily communicated or transmitted."  She contends that "communicable disease is more properly and reasonably associated with 'garden variety' communicable diseases such as colds and flues [sic] which are easily transmitted or communicated."  We assume, without deciding, that this argument is preserved.  We disagree.

We construe policy language in context.  Id. at \_\_\_, 114 A.3d at 732.  Although standing alone "communicable" may be defined as "easily transmitted," when used to describe disease, as here, we conclude that the plain and ordinary meaning of communicable disease is an infectious disease that is transmissible.  We note that this conclusion is consistent with that of other jurisdictions.  See, e.g., Lambi v. Am. Family Mut. Ins. Co., 498 F. App'x 655, 656 (8th Cir. 2013) (upholding summary judgment for insurer, under same policy language, because "the policy excluded bodily injury arising out of the actual or alleged transmission of a communicable disease, and infecting another with the HIV virus clearly falls within the plain and ordinary meaning of the transmission of a communicable disease"); Koegler v. Liberty Mut. Ins. Co., 623 F. Supp. 2d 481, 484 (S.D.N.Y. 2009) (granting partial summary judgment to insurer, under similar policy language, because lack of coverage for losses due to transmission of HSV II "is readily apparent from the face of those policies"); Clarke v. State Farm Florida Ins., 123 So. 3d 583, 584 (Fla. Dist. Ct. App. 2012) (granting summary judgment to insurer, under same policy language, because plaintiff's claims for infection with HSV II "fell outside the plain language that defined the scope of the policy's coverage" that excluded "communicable diseases 'transmitted by any insured to any other person'").

Nothing in the policy restricts the exclusion to diseases transmitted by certain acts, nor does the policy language restrict the exclusion to common viruses or to those that are "easily" transmitted.  The fact that the incidence of HSV II is not reported annually by the New Hampshire Department of Health and Human Services is immaterial because there is no evidence that the department is required to report every communicable disease.

We conclude that a reasonable person in the position of the insured, based upon more than a casual reading of the policy as a whole, would understand the policy to exclude all diseases and viruses that can be transmitted from one

2

person to another.  When the policy language is clear, this court will not find a purported ambiguity simply to construe the policy against the insurer and create coverage where it is clear that none was intended.  <u>Bartlett</u>, 167 N.H. at ___, 114 A.3d at 733.  The petitioner states that she contracted HSV II from contact with the respondent's insured.  Accordingly, we conclude that it is a communicable virus and, therefore, excluded from coverage under the homeowner's policy.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**